UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JYOTESHNA KARAN,<br>aka JYOTI KARAN aka<br>JYOTESHNA PRASAD<br>dba JYOTI KARAN LLC<br><br>and<br><br>PRAVEEN SINGH,<br><br>Debtors.<br><br>WELLS FARGO BANK, N.A.,<br><br>Garnishee. | Case No. 1:26-mc-00066-FJS<br><br>FINDING AND RECOMMENDATION THAT THE APPLICATION FOR A FINAL ORDER OF GARNISHMENT BE GRANTED<br><br>(ECF No. 1)<br><br>ORDER DENYING DEBTOR JYOTESHNA KARAN'S MOTION FOR HEARING<br><br>(ECF No. 8)<br><br>ORDER DENYING DEBTOR PRAVEEN SINGH'S MOTION FOR HEARING<br><br>(ECF No. 9)<br><br>ORDER VACATING THE NOVEMBER 13, 2026, MOTION HEARING<br><br>(ECF No. 15)<br><br>Criminal Case No. 1:15-CR-00045-JLT-BAM |

The United States of America brought this miscellaneous action to obtain a continuing writ of garnishment against the property wherein Defendant-Debtors Jyoteshna Karan and Praveen Singh (collectively "Defendants") have an interest, including property in the name of aliases (including Jyoti Karan and Jyoteshna Prasad), Jyoti Karan LLC, and any other accounts in which Debtors have an interest. (*See generally* ECF No. 1.) The Garnishee in the instant case is Wells Fargo Bank, N.A.

I. RELEVANT BACKGROUND

On March 31, 2025, Defendants were sentenced in criminal case number 1:15-CR-0045-JLT-BAM and ordered to pay restitution in the amount of $3,017,286.00. (*Id.* at 2.) At the time of sentencing, a lien arose in favor of the United States on all property "as if the liability 'were a liability for a tax assessed under the Internal Revenues Code of 1986[.]'" (ECF No. 1 (citing 18 U.S.C. § 3613(c).) No interest is currently accruing on the debt. Calculated as of July 1, 2026, Debtors owe restitution in the amount of $2,689,286.00. (*Id.*)

On July 6, 2026, in an attempt to collect the judgment amount, the United States filed an application for a writ of garnishment against all property held by Wells Fargo Bank, N.A. ("Garnishee") in which Defendants have an interest. (ECF No. 1.) The United States subsequently served the Defendants and Garnishee with a copy of the writ and related documents. (ECF Nos. 2, 4.) The documents served on Defendants advised, among other things, of Defendants' rights to claim exemptions to garnishment, request a hearing on their claims, request a hearing to quash the writ, and/or object to the answer of Garnishee (ECF No. 10) and request a hearing thereon. (ECF No. 4.)

On July 28, 2026, Defendant Jyoteshna Karan filed a request for hearing. (ECF No. 8.) That same day, Defendant Praveen Singh filed a request for a hearing. (ECF No. 9.) Pursuant to 26 U.S.C. §§ 6334(a)(1), (a)(2), (a)(9), and California garnishment law, Defendants request that the garnishment order be quashed so that Defendants can pay for living expenses for themselves and their children. (*See generally* ECF Nos. 8 at 3; 9 at 3.)

On July 27, 2026, the Garnishee filed its acknowledgement of service and the answer. (ECF No. 10.) Garnishee has possession, custody, or control of the following accounts, that Defendants have an interest in, including but not limited to, accounts in the name of Jyoti Karan LLC:

- Savings Account Ending in 2749 with a balance of $1,176.69; and
- Joint Savings Account Ending in 9490 with a balance of $1,060.08; and
- Checking Account ending in 3833 with a balance of $17,107.03; and
- Joint Checking Account ending in 3739 with a balance in $9,211.77.

(*See generally* ECF No. 10.)

On August 3, 2026, the United States filed its opposition to Defendants' request for a hearing and request to quash the order of garnishment. (*See generally* ECF No. 11.) Pursuant to 28 U.S.C. § 3202(d)(1)-(2), the United States argues that Defendants are not entitled to a garnishment hearing and that the request to quash the garnishment order should be denied. (*Id.* at 2-3.) Accordingly, the United States seeks a final order of continuing garnishment pursuant to section 3205(c)(7) of the Federal Debt Collections Procedure Act, 28 U.S.C. §§ 3001, et seq., against Defendants' property from the Garnishee. (*Id.* at 5.)

## II. LEGAL STANDARD

Orders for restitution may be enforced by the United States in the same manner as the enforcement of fines or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i)-(ii); *see United States v. Novak*, 476 F.3d 1041, 1044 (9th Cir. 2007) (en banc) ("The government is responsible for enforcing restitution orders and turning the funds collected over to victims.").

Pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the Federal Debt Collections Procedure Act. 28 U.S.C. §§ 3001, *et seq.*; *United States v. Mays*, 430 F.3d 963, 965 n.2 (9th Cir. 2005). The Federal Debt Collections Procedure Act "sets forth the 'exclusive civil procedures for the United States … to recover a judgment on … an amount that is owing to the United States on account of

… restitution.'" *Id.* at 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations in original)). Pursuant to the Federal Debt Collections Procedure Act the court may "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

Before a court may issue a writ of garnishment, the government is required to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. §§ 3202(b)–(c). The judgment debtor has twenty days after receipt of the notice to request a hearing, during which the judgment debtor may move to quash any order granting the garnishment. 28 U.S.C. § 3202(d). If a garnishment hearing is held, it is limited to the issues of: (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

## III. <u>DISCUSSION</u>

### A. <u>Defendants' Request for a Garnishment Hearing</u>

Although the Federal Debt Collection Procedures Act "states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *See United States v. White,* No. 2:21-CR-00048 WBS CSK, 2024 WL 4752442, at *2 (E.D. Cal. Nov. 12, 2024), *report and recommendation adopted*, No. 2:21-CR-00048 WBS CSK, 2024 WL 5186812 (E.D. Cal. Dec. 20, 2024).

Defendants' motions do not claim that the United States failed to comply with the statutory requirements for the issuance of the writ. *See* 28 U.S.C. § 3202(d)(2). Moreover, the

judgments obtained against Defendants were not issued by default. 28 U.S.C. § 3202(d)(3). Instead, Defendants seek to exempt certain portions of their property from garnishment. But as explained further below, Defendants' asserted exemptions are inapplicable in the instant case. Accordingly, the court will recommend that the Defendants' request for a hearing be denied. *See United States v. Zinnel,* No. 2:21-MC-0098 TLN AC, 2021 WL 3052520, at *3 (E.D. Cal. July 20, 2021) (denying request for a motion hearing where debtors objections were without merit), *report and recommendation adopted*, No. 2:21-MC-00098-TLN-AC, 2021 WL 4263354 (E.D. Cal. Sept. 20, 2021).

B. Defendants' Request to Quash the Garnishment Order

Because Defendants rely on 26 U.S.C. §§ 6334(a)(1), (a)(2), (a)(9), California garnishment law generally, and a theory of undue hardship to support their requests to quash the garnishment order, the court will briefly consider these authorities in turn. (*See* ECF Nos. 8, 9.)

1. *Exemptions from Garnishment Under Federal Law*

The Internal Revenue Code generally governs the seizure of property for collection of taxes. 26 U.S.C §§ 6331, et seq. As relevant here, 26 U.S.C § 6334(a)(1)-(a)(2), exempts wearing apparel, schoolbooks, fuel, provisions, furniture, and personal effects necessary for the personal use of the taxpayer or members of their family from the levy of taxes. *See* 26 U.S.C §§ 6334(a)(1)-(a)(2). Further, section 6334(a)(9) states "[a]ny amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d)."

The court finds that Defendants' reliance on 26 U.S.C. § 6334 (a)(1), (a)(2), and (a)(9) unavailing in the instant case because the United States does not seek to garnish any of the items covered by the sections outlined above. (ECF No. 11 at 4.) Moreover, the United States does not seek to garnish Defendants' wages.[1] (*Id.*); *see also United States v. Douglass,* No. EDCV 15-

---

[1] To be sure, Defendants proffer some evidence that the funds deposited into these accounts are attributable to wages. (ECF No. 8 at 2.) But as the United States correctly notes, "amounts held

1602-KK, 2018 WL 6184764 (C.D. Cal. May 2, 2018) (limiting wage garnishment upon proof that debtors would be unable to support themselves and their dependents). Instead, the pending application is limited to garnishment of Defendants' bank accounts. (*See* ECF Nos. 1; 11 at 4.) Accordingly, Defendants claimed exemptions do not provide a basis to quash the garnishment order. *See United States v. Gonzales,* No. 1:20-MC-00032-BAM, 2020 WL 4932774, at *3 (E.D. Cal. Aug. 24, 2020), *report and recommendation adopted,* No. 1:18-CR-00017-LJO-SKO, 2020 WL 5569764 (E.D. Cal. Sept. 17, 2020).

2. *Exemptions from Garnishment Under California Law*

Defendant Karan also invokes California garnishment law to support her objections to the United States' garnishment of a joint checking and joint savings account, as well as garnishment of a checking and savings account assertedly in the name of Defendant Karan's deceased parents. (*See* ECF No. 8.) Similarly, Defendant Singh generally invokes California garnishment law to support his objection to the garnishment of the joint checking account and joint savings account used for family expenses. (*See* ECF No. 9.) Defendants have not provided documentation to substantiate these "necessary" family expenses.

As a threshold matter, the court finds it unnecessary to distinguish between the accounts allegedly in the name of Defendants' deceased parents Deo Karan and Shanti Karan (checking account ending in 3833 and savings account ending in 2749) and the Defendants' jointly owed accounts (checking account ending in 3739 and savings account ending in 9490). (*See generally* ECF No. 8.) Garnishee, under penalty of perjury, has indicated that one or both Defendants maintain an interest in all four accounts. (*See* ECF No. 10 at 2 (table outlining the ownership interests in the checking accounts and savings accounts at issue).)

As relevant here, California law provides that a judgment creditor may enforce a money judgment by levying on the deposit account of the judgment debtor and/or his or her spouse. Cal.

---

on deposit are treated differently than earnings[.]" *See United States v. Fisher*, No. SACV 18-1054 JLS, 2018 WL 6307901, at *4 (C.D. Cal. Nov. 1, 2018); (*See also* ECF No. 11 at 3). Because "funds held on deposit, even if they originated as earnings, have "neither an element of periodicity nor the critical relationship to a person's subsistence that a paycheck does[,]"" the court finds that the funds deposited in the accounts at issue are no longer characterized as earnings. *Id.* (quoting *Usery v. First Nat. Bank of Ariz.*, 586 F.2d 107, 110 (9th Cir. 1978).)

Civ. Proc. Code §§ 699.710, 700.140; *see id.* §§ 695.020(a)-(b). To levy on a deposit account, the judgment creditor must obtain a writ of execution from the clerk of the court where the judgment was entered and deliver the writ, along with written instructions, to the levying officer in the county where the levy is to be made. *Id.* §§ 687.010(a), 699.510(a), 699.520. The party claiming exemption must timely file a claim of exemption with the levying officer and generally bears the burden of proof at a hearing on the claim of exemption. *Id.* §§ 703.520(a), 706.105, 703.580(b).

Here, the court finds that Defendants have failed to establish an applicable exemption under California law. Defendants have not proffered sufficient evidence to substantiate their arguments that the bank accounts are exempt from levy under California law nor have they provided any evidence to substantiate their claims (e.g. itemized expenses) that the money potentially subject to the bank levy is "necessary" for the support of the judgment debtors and their family. *See Douglass,* 2018 WL 6184764, at *4 (considering California garnishment law and rejecting a similar argument).

3. *Exemptions Based on Undue Hardship*

Defendants further indicate that garnishment would impose an undue hardship on their ability to provide for their two dependent children. (ECF Nos. 8, 9.) Because a "[d]efendant's claim of financial hardship is not a cognizable ground for relief from a garnishment action," *White,* 2024 WL 4752442, at *3, the court declines to quash the garnishment order on that basis.

C. United States' Application for a Continuing Writ of Garnishment

Here, the United States complied with the procedures outlined in the Federal Debt Collections Procedure Act. The government properly provided the judgment debtors with notice of the commencement of garnishment proceedings and their rights therein. (ECF No. 4.) Given that Defendants' property is subject to garnishment under the Federal Debt Collections Procedure Act, the court will recommend that a continuing writ of garnishment issue. 28 U.S.C.§ 3205(a); *see also, e.g., United States v. Crosby,* No. 2:22-MC-00179-JAM-KJN, 2022 WL 3211761 (E.D. Cal. Aug. 9, 2022).

## IV. FINDINGS AND RECOMMENDATIONS

For the reasons stated above, it is HEREBY RECOMMENDED that Defendants' requests to quash the continuing writ of garnishment, (ECF Nos. 8 at 3; 9 at 3), be DENIED. The court FURTHER FINDS AND RECOMMENDS that the clerk of the court issue a writ of continuing garnishment (ECF No. 1).

The court HEREBY DENIES the requests for hearings (ECF Nos. 8, 9) and VACATES the hearings currently set for November 13, 2026 (ECF No. 15). Because Defendants are proceeding pro se in the above-captioned miscellaneous matter and apparently will not receive an electronic notice of the filing of this document, the court DIRECTS Plaintiff the United States of America to exhaust reasonable efforts to notify Defendants that the November 13, 2026, has been vacated.

Because this matter was previously ordered to be formally related to 1:15-cr-00045-JLT-BAM-1, (ECF No. 7), the court FURTHER DIRECTS the clerk of court to SUBMIT these findings and recommendations to United States District Judge Jennifer L. Thurston.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen-page limit may not be considered. Exhibits shall not be filed with objections but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **November 12, 2026**

UNITED STATES MAGISTRATE JUDGE